IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JULIE S. WILLIAMS, | ) |
|     Plaintiff, *pro se* | ) |
| | ) |
| v. | ) |
| | ) |
| KATHLEEN SEBELIUS, Secretary, | ) Civil No. PJM 13-0458 |
| UNITED STATES DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES | ) |
| | ) |
| and | ) |
| | ) |
| PATRICIA HAYNES, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

*Pro se* plaintiff Julie S. Williams alleges that Secretary of the Department of Health and Human Services (HHS) Kathleen Sebelius and Patricia Haynes, Williams's supervisor in the Department, subjected her to discrimination based on race, color, and religious preference; that she was harassed after she filed an EEO complaint; and that Defendants filed a false statement on a sworn EEO affidavit. Defendants have moved to dismiss the Complaint under FED. R. CIV. P. 12(b)(1), (5), and (6), or in the alternative, for summary judgment [Dkt. No. 15]. For the reasons that follow, the Court **GRANTS** the Defendants' Motion to Dismiss under FED. R. CIV. P. 12(b)(1). Their Motion for Summary Judgment is **MOOT**.

I.

This suit follows Williams' complaint to the Equal Employment Opportunity Office ("EEO") of HHS, in which she made various allegations of discriminatory treatment by Haynes. On September 26, 2012, the EEO issued a Final Agency Decision ("FAD") on the merits, finding

that Williams had "not [been] discriminated against as claimed." The FAD simultaneously advised Williams of her right to "file a civil action in an appropriate United States District Court." Williams, however, subsequently filed suit in the Circuit Court for Montgomery County, a Maryland state trial court. She also appealed the agency decision to the Equal Employment Opportunity Commission ("EEOC"). Williams cites no statutory basis for relief before this Court, but the appropriate remedy, if any, for her claims is found under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-16c.

In February 2013, the Defendants removed the state court case to this Court pursuant to 28 U.S.C. § 1442. Their motion to dismiss followed.[1]

## II.

A motion to dismiss under FED. R. CIV. P. 12(b)(1) "raises the question of whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). A party opposing a 12(b)(1) motion must affirmatively show that subject matter jurisdiction exists. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009); *accord The Piney Run Preservation Ass'n v. The Cnty. Comm'rs Of Carroll Cnty., MD*, 523 F.3d 453, 459 (plaintiff "bears the burden of proving that subject matter jurisdiction exists" when opposing a 12(b)(1) motion).

## III.

---

[1] Since removal, without leave of court Williams has filed eight supplements to her Complaint. The supplements consist of various documents purportedly related to her claim, including additional allegations, data, and citations to statutes. Their connection to the Complaint is not entirely clear.

Because Williams initially brought these Title VII claims in the Maryland state court system, this Court lacks subject matter jurisdiction over the claims and has no power to evaluate the merits of her case. The doctrine of sovereign immunity strictly limits the circumstances in which a plaintiff may sue the Federal Government. Unless it has explicitly consented to be sued, the United States – as well as its officers and agencies – is immune from suit. *See United States v. Orleans*, 425 U.S. 807, 814 (1976). The United States has only waived its sovereign immunity for Title VII claims filed in federal district court, not for those initially brought in state court. *Bullock v. Napolitano*, 666 F.3d 281, 284 (4th Cir. 2012). And, to be very clear so that Williams, a *pro se* litigant, may understand, when a state court lacks subject matter jurisdiction over an action against the United States, removal of the case to federal court under 28 U.S.C. § 1442 does *not* give the federal court subject matter jurisdiction, even if the federal court would have had jurisdiction had the case been originally filed there. *Id.* at 286 (citing *Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, 258 U.S. 377, 382 (1922)). Thus, by initially filing her complaint in Maryland's state court system, on removal of the case to this Court the Court had no ability to hear her case.

In her Response, Williams offers no legal argument in opposition to the Defendants' motion; instead, she requests that this Court disregard any jurisdictional issues in order to hear her case:

> In response to the defendants [sic] charges that the plaintiff filed in Montgomery County Court [sic]. The Plaintiff ask [sic] that the court except [sic] the suit because the EEOC failed to provide proper notification as to which court, be it Federal , State, or County that the civil suit be made.

As a *pro se* plaintiff, Williams is not required to meet the same stringent standards in drafting her pleadings as a practicing attorney would be expected to meet. *Estate of Jones v. NMS Health Care of Hyattsville, LLC*, 903 F. Supp. 2d 323, 328 (D. Md. 2012) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). However, the fact remains that this Court lacks the power to waive subject matter jurisdiction, so that, even if they wanted to, Defendants would not be authorized to agree to allow this Court to hear the case. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934) ("lack of federal jurisdiction cannot be waived or overcome by an agreement of the parties."); *A.S. Abell Co. v. Chell*, 412 F.2d 712, 716 (4th Cir. 1969) ("[J]urisdiction cannot be conferred by consent if it does not otherwise exist"). In any event, it bears noting that the FAD sent to Williams by the EEO explicitly and unambiguously notes that any civil action must be filed in *U.S. District Court*. As such, Williams' argument that the EEO failed to inform her of the proper court lacks merit.[2]

IV.

For the foregoing reasons, Williams' Complaint is **DISMISSED.** Defendants' Motion for Summary Judgment is **MOOT.** A separate Order will **ISSUE.**[3]

---

[2] In Supplement #8 [Dkt. No. 24], Williams moves for default judgment pursuant to "Court of Common Pleas Civil Rule 55(b)(1)" because the Defendants allegedly failed to file an Answer to her Complaint. For the record, although the entire issue is irrelevant because this Court lacks jurisdiction to hear the case in this posture, Defendants' motion currently before the Court is clearly a responsive pleading for purposes of FED. R. CIV. P. 12(b). *See, e.g.*, 5B FED. PRAC. & PROC. CIV. 1345 (3d ed.) ("The purpose of the responsive pleading is to formulate issues by means of denials and defenses addressed to the allegations constituting the claim for relief. According to Rule 12(b), every defense may be asserted by responsive pleading . . .")

[3] While Williams may wish to re-file her case as an original case in this (federal) court, the Court can give her no assurance that the claim would be able to withstand another Motion to Dismiss or Motion for Summary Judgment here.

```
                                          /s/
                                  _____
                                  PETER J. MESSITTE
                                  UNITED STATES DISTRICT JUDGE
```

July 18, 2013